## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

|  |  |
|---|---|
| **KATHY McCORD**, | No. 1:23-cv-00866-RLY-CSW |
| *Plaintiff*, |  |
| v. |  |
| **SOUTH MADISON COMMUNITY SCHOOL CORPORATION**, |  |
| *Defendant*. |  |

## ORDER ON FIRST AMENDED
## CASE MANAGEMENT PLAN

**I.    Parties and Representatives**

**A.    Plaintiff:**
Kathy McCord

**B.    Plaintiff's Counsel:**

| | |
|---|---|
| Joshua D. Hershberger | Vincent M. Wagner |
| Indiana Bar No. 29679-39 | Virginia Bar No. 98663 |
| Hershberger Law Office | Alliance Defending Freedom |
| P.O. Box 233 | 44180 Riverside Parkway |
| Hanover, Indiana 47243 | Lansdowne, Virginia 20176 |
| (812) 228-8783 | (571) 707-4655 |
| josh@hlo.legal | vwagner@ADFlegal.org |
| | |
| David A. Cortman | Katherine L. Anderson |
| Georgia Bar No. 188810 | Arizona Bar No. 33104 |
| Alliance Defending Freedom | Alliance Defending Freedom |
| 1000 Hurricane Shoals Road N.E., Suite D1100 | 15100 N. 90th Street |
| Lawrenceville, Georgia 30043 | Scottsdale, Arizona 85260 |
| (770) 339-0774 | (480) 444-0020 |
| dcortman@ADFlegal.org | kanderson@ADFlegal.org |

Glynis R. Gilio
D.C. Bar No. 1780627
Alliance Defending Freedom
440 1st Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
ggilio@ADFlegal.org

**C.     Defendant:**
South Madison Community School Corporation

**D.     Defendant's Counsel:**

Brent R. Borg
Indiana Bar No. 27415-29
Church Church Hittle & Antrim
10765 Lantern Road, Suite 201
Fishers, Indiana 46038
(317) 773-2190
bborg@cchalaw.com

Alexander P. Pinegar
Indiana Bar No. 26543-49
Cassie N. Heeke
Indiana Bar No. 36497-49
Church Church Hittle & Antrim
Two North Ninth Street
Noblesville, Indiana 46060
(317) 773-2190
apinegar@cchalaw.com
cheeke@cchalaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.     Jurisdiction and Statement of Claims**

A.     ***Basis for Jurisdiction.***—This civil-rights action raises federal questions under the U.S. Constitution, namely its First and Fourteenth Amendments, and the Civil Rights Act of 1871, 42 U.S.C. § 1983; and, it also raises claims under Indiana's Religious Freedom Restoration Act, Ind. Code §§ 34-13-9-0.7 through -11. This Court thus has original subject-matter jurisdiction over this action. 28 U.S.C. §§ 1331, 1343. This Court has supplemental jurisdiction over Plaintiff's state-law claim. 28 U.S.C. § 1367; *see* Ind. Code § 34-13-9-9 (creating a private cause of action for violations of Indiana's Religious Freedom Restoration Act). This Court has personal jurisdiction over Defendant, an Indiana school corporation. Ind. R. Trial P. 4.4(A).

B.     ***Statement of Plaintiff's Case.***—From 1998 until March 9, 2023, Plaintiff was employed by Defendant as a school counselor at a South Madison high school. She brings five claims against Defendant:

2

**(1)** Plaintiff brings a free-speech retaliation claim under the First Amendment. Speaking as a private citizen on an issue of public concern, Plaintiff truthfully answered a journalist's questions about Defendant's controversial Gender Support Plan policy, largely confirming information the journalist had already collected. In retaliation for Plaintiff's constitutionally protected speech, Defendant fired her. **(2, 3)** Plaintiff also brings compelled-speech and viewpoint-discrimination claims under the First Amendment. As a condition of her continued employment, Defendant required Plaintiff to speak certain messages and promote Defendant's viewpoints about issues of public concern, including sex, gender, and human identity. Despite Plaintiff's objections to these messages and viewpoints, Defendant forced her to speak these messages and promote its viewpoints on threat of losing her job. **(4, 5)** Plaintiff brings free-exercise claims under the First Amendment and the Indiana Religious Freedom Restoration Act. Plaintiff's objections to Defendant's compelled messages and viewpoints arise from her sincerely held religious beliefs about human sexuality, among other topics. By forcing her to speak those messages and viewpoints, Defendant burdened her religious exercise. And in so doing, Defendant failed to act in a neutral or generally applicable manner towards Plaintiff's religious beliefs.

C.   ***Statement of Defendant's Case.***—South Madison Community School Corporation (the "School") denies liability on all of Plaintiff's claims and contends that its actions toward her have been legitimate, non-discriminatory, and non-retaliatory. The gravamen of Plaintiff's claims concerns multiple false assertions she made in newspaper articles that were published in December 2022 and January 2023. When the School administration met with Plaintiff to ask her about her false assertions, she did not dispute that they were misunderstood or otherwise attempt to assuage the School administration's concerns. Precisely because of her long tenure with the School and generally positive standing in the community, Plaintiff's false assertions caused substantial uproar, most prominently at a School Board meeting. Accordingly, the School administration sought cancellation of Plaintiff's regular teacher's contract. After receiving a hearing prescribed by Indiana law, which included Plaintiff having the opportunity to share her side of the story, the School Board unanimously voted (7-0) to cancel Plaintiff's regular teacher's contract. These facts, which the School anticipates establishing as undisputed, foreclose Plaintiff's free-speech retaliation claim as a matter of law. The remainder of Plaintiff's claims are foreclosed for several reasons, including that the alleged "compelled

speech" Plaintiff complains of occurred in the context of her duties as a School employee and as such is not protected.

### III.    Pretrial Pleadings and Disclosures

**A.**    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **September 18, 2023**.

**B.**    Plaintiff shall file preliminary witness and exhibit lists on or before **September 25, 2023**.

**C.**    Defendant shall file preliminary witness and exhibit lists on or before **October 2, 2023**.

**D.**    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **October 18, 2023**.

**E.**    Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **October 18, 2023**. Defendant shall serve on Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Wildeman at CSW_Settlement@insd.uscourts.gov.

**F.**    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule:

1.    Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 15, 2024**.

2.    Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 14, 2024**; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before **November 15, 2024**.

**G.**    Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days prior to the dispositive motion deadline (August 14, 2024)**. If such expert disclosures are served, the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of

expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

**H.**     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **December 2, 2024**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

**I.**     All parties shall file and serve their final witness and exhibit lists on or before **December 16, 2024**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony. The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony. The final exhibit list must precisely identify, preferably **by Bates number**[1], each specific document that may be offered at the trial of this matter. No individual not identified by name in the final witness list may testify at the trial of this matter. No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

**J.**     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

**K.**     ***Discovery of electronically stored information ("ESI").***—If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced. Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

1.  The parties do not anticipate seeking a substantial volume of ESI. They agree to produce ESI in native format, or if production in native format would be unduly burdensome for a particular document or category of documents, then in TIFF or PDF format. They further agree that, unless specifically requested, disclosure of metadata associated with documents produced in discovery will not be necessary as a preliminary matter, but they reserve the right to seek metadata on particular documents after initial production.

2.  The parties do not anticipate any other issues relevant to discovery.

3.  The parties agree to the following claw back provision:

    In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    <u>Discovery[3] and Dispositive Motions</u>

---

[3]The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.  Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

1.  *Legal Basis for Plaintiff's Anticipated Dispositive Motion.—* Plaintiff provides this response based on the Court's instructions, although Defendant has not yet filed a responsive pleading, so she is not yet able to evaluate Defendant's case. Plaintiff anticipates seeking summary judgment on each of her claims. Among other arguments, Plaintiff anticipates arguing that the undisputed facts show, as a matter of law, that her interest in giving truthful answers to a journalist's questions on matters of public concern outweighs Defendant's interest in restricting her constitutionally protected speech. Plaintiff also anticipates arguing that the Free Speech Clause does not permit Defendant to compel her to speak its preferred viewpoints nor threaten to punish her for speaking contrary viewpoints, and that there are no disputes of material fact that prevent the Court from granting her judgment as a matter of law on this ground. Because Plaintiff's objections to Defendant's messages and viewpoints are based on her sincerely held religious beliefs, she anticipates that the undisputed facts will establish that Defendant violated the Free Exercise Clause and the Indiana Religious Freedom Restoration Act. She anticipates the undisputed evidence will show that Defendant took actions against her that were neither neutral nor generally applicable in regard to her religious beliefs. These arguments are subject to change based on information obtained in discovery and other stages of this litigation.

with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

2. *Legal Basis for Defendant's Anticipated Dispositive Motion.*— Consistent with the School's Statement of the Case above, the School anticipates designating evidence establishing that Plaintiff's free-speech retaliation claim is foreclosed as a matter of law because, among other reasons, the School terminated her based on its reasonable belief, after adequate investigation, that Plaintiff had made numerous false assertions. Plaintiff's false assertions also foreclose her other claims, as well as the anticipated undisputed fact that the alleged "compelled speech" she complains of occurred in the context of her duties as a School employee and as such is not protected.

**B.** On or before **August 22, 2024**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**C.** Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by ___N/A___.

___✓___ Track 2: Dispositive motions are expected and shall be filed by **November 12, 2024;** non-expert witness discovery and discovery relating to liability issues shall be completed by **September 16, 2024**; expert witness discovery and discovery relating to damages shall be completed by, **February 13, 2025**.

_____ Track 3: Dispositive motions shall be filed by _____N/A____; non-expert discovery shall be completed by _____N/A_____; expert witness discovery shall be completed by _____N/A_____.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.    Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in August 2024.**

## VI.    Trial Date

The parties request a trial date in **May 2025**. The trial is by **jury** and is anticipated by Plaintiff to take **4–5 days**, and by Defendant to take **3–4 days**.

## VII.    Referral to Magistrate Judge

A.    **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.    Required Pre-Trial Preparation

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a.     brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b.     if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.    ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.  File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.  Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    **Other Matters**

At this time, the parties do not believe other matters should be brought to the Court's attention.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| X | DISPOSITIVE MOTIONS ARE EXPECTED AND SHALL BE FILED BY **NOVEMBER 12, 2024.** |
| X | NON-EXPERT WITNESS DISCOVERY AND DISCOVERY RELATING TO LIABILITY ISSUES SHALL BE COMPLETED BY **SEPTEMBER 16, 2024.** |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |

12

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date:  March 13, 2024

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to ECF registered counsel of record.