UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHY McCORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:23-cv-00866-RLY-MG |
| ) | |
| SOUTH MADISON COMMUNITY ) | |
| SCHOOL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### BRIEF IN SUPPORT OF MOTION TO EXCLUDE
### EXPERT TESTIMONY OF STEPHEN B. LEVINE, M.D.

Plaintiff has retained Stephen B. Levine, M.D. to provide expert witness opinion testimony in this matter. Plaintiff's Expert Witness Disclosure states only that Dr. Levine's will provide expert testimony based on his knowledge, skill, experience, training, and education, and consistent with the Report enclosed in Plaintiff's Expert Witness Disclosure. [Ex. A, Plaintiff's Expert Witness Disclosure]

Plaintiff's legal claims are related to her employment with, and the termination of her employment from, Defendant South Madison Community School Corporation ("South Madison"). Plaintiff brings claims of First Amendment Retaliation; Compelled Speech; Viewpoint Discrimination; and violation of her Free Exercise of Religion under 42 U.S. Code § 1983; and violation of the Indiana Religious Freedom Restoration Act. [Filing No. 1 at 57-69] In summary, Plaintiff claims she has religious objections to assisting students with gender-related accommodations; that she opposed allowing students to change their names at school without parental permission; and that she was terminated for speaking with a reporter about her objections. South Madison's position is that Plaintiff never expressed any

1

objections to working with transgender and non-binary children, that Plaintiff was terminated for making demonstrably false and harmful statements to the reporter and to her supervisors, and that Plaintiff's claims are foreclosed for other reasons. [*See* Filing No. 36 at 3 (Statement of Defendant's Case in First Amended Case Management Plan)] Dr. Levine's report addresses none of the factual or legal issues related to Plaintiff's claims but rather asserts numerous opinions on psychological treatment for children with gender dysphoria.

Dr. Levine's opinion testimony should not be allowed because his opinions are not relevant to any issue in this case; the issues in this case do not require scientific, technical, or other specialized knowledge; and Dr. Levine's opinions would not help the trier of fact to understand the evidence or to determine a fact in issue. Dr. Levine's testimony does not satisfy the requirements of Rule 702 of the Federal Rules of Evidence and would serve only to confuse and mislead the jury. He should not be permitted to provide expert testimony in this case.

## I.   PLAINTIFF'S DESIGNATED EXPERT WITNESS

Plaintiff has identified Stephen Levine, M.D., Co-Director of the Center for Marital and Sexual Health in Beachwood, Ohio, to provide expert testimony. [Ex. A, Expert Witness Disclosure; Ex. B, Levine CV] According to Dr. Levine's curriculum vitae ("CV"), he graduated from Case Western Reserve University School of Medicine in 1967 and completed his psychiatric residency at University Hospitals of Cleveland in 1973. He was appointed a Clinical Professor at Case Western Reserve University School of Medicine in 1993.

According to his CV, Dr. Levine has provided expert testimony in eighteen (18) different cases within the four years prior to his CV date. [Ex. B, Levine CV at 5] He estimates he has been retained by Plaintiff's counsel, Alliance Defending Freedom, approximately six or seven times. [Ex. D, Levine Dep. 8:16-]

Dr. Levine has testified in numerous cases regarding treatment for transgender individuals and has been excluded or limited in the testimony he was permitted to give in many of those cases. *See Cordellione v. Comm'r, Indiana Dep't of Correction*, No. 3:23-CV-00135-RLY-CSW, 2024 WL 4333152, at *4 (S.D. Ind. Sept. 17, 2024) (finding Dr. Levine's opinions were based on cherry-picked literature, ignored significant research on point; and were "not rooted in reliable scientific methodology"); *Norsworthy v. Beard*, 87 F. Supp. 3d 1164, 1188 (N.D. Cal.), *appeal dismissed and remanded*, 802 F.3d 1090 (9th Cir. 2015)* ("The Court gives very little weight to the opinions of Levine, whose report misrepresents the Standards of Care; overwhelmingly relies on generalizations about gender dysphoric prisoners, rather than an individualized assessment of [the plaintiff]; contains illogical inferences; and admittedly includes references to a fabricated anecdote."); *Edmo v. Idaho Dep't of Correction*, 358 F. Supp. 3d 1103, 1125 (D. Idaho 2018), *order clarified*, No. 1:17-CV-00151-BLW, 2019 WL 2319527 (D. Idaho May 31, 2019), *and aff'd in part, vacated in part, remanded sub nom. Edmo v. Corizon, Inc.*, 935 F.3d 757 (9th Cir. 2019) ("Dr. Levine is considered an outlier in the field of gender dysphoria and does not ascribe to the WPATH [World Professional Association of Transgender Health] Standards of Care."); *Fain v. Crouch*, 618 F. Supp. 3d 313, 329 (S.D.W. Va. 2022) (describing Dr. Levine's opinions regarding gender dysphoria as "inconsistent with the body of literature on this topic").

## II.     APPLICABLE LAW

Federal Rule of Evidence 702 and the Supreme Court decision in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), govern the admissibility of expert testimony. Pursuant to Rule 702, a witness who is qualified as an expert may provide opinion testimony if the proponent demonstrates each of the following is more likely than not:

3

    (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) The testimony is based on sufficient facts or data;

    (c) The testimony is the product of reliable principles and methods; and

    (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, the district court is to act as the evidentiary gatekeeper to ensure Rule 702's requirements are met with respect to any person a party wants to call to provide expert testimony at trial. 509 U.S. at 589. "It is the district court's role to ensure that expert testimony is both relevant and reliable." *Id.* Additionally, Rule 403 of the Federal Rules of Civil Procedure permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. It is the Plaintiff's burden to persuade the court by a preponderance of the evidence to allow its proposed expert to testify. *See Daubert*, 509 U.S. 579, 592 n. 10.

### III. ARGUMENT

    Dr. Levine should be excluded from testifying because his opinions are not relevant and will not assist a jury in understanding the evidence or deciding a fact in issue. Rather, Dr. Levine's testimony will serve only to mislead the jury, waste time, confuse the issues, and prejudice jurors with sympathies and political leanings that align with the Plaintiff's.

    Rule 702 requires that evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Civ. Proc. 702. "*Daubert* instructs that expert testimony must be ***relevant and factually linked*** to the case in order to meet Rule 702's 'helpfulness' requirement." *United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007) (emphasis added). Dr. Levine's opinion testimony should be excluded as it fails to satisfy the helpfulness requirement of Rule 702.

4

Dr. Levine does not know the legal claims in this case. [Ex. D, Levine Dep. 14:2-5] When asked about his familiarity with South Madison's practices or policies, he testified his understanding of a South Madison "policy" regarding student name-change requests, but he did not believe that policy to be the subject of his testimony. [Ex. D, Levine Dep. 12:5-19 (adding, "The issue I am here to testify today is to answer whatever questions you have about trans care for youth.")] He testified regarding his knowledge of the underlying facts, "The only thing I know is that, I believe, Miss McCord has lost her job because of either a disagreement with the school policy, perhaps, and—and I think she—she alerted—it's alleged, I think—I'm not even certain about this—that she may have alerted the press about the school policy." [Ex. D, Levine Dep. 14:9-16] Dr. Levine testified that he has no intention to provide any opinion related to Plaintiff's employment or her termination from South Madison. [Ex. D, Levine Dep. 14:17-20; 42:12-24] Dr. Levine believes he was retained "to give a comprehensive view of the whole matter of—of the scientific basis of the various forms of treatment of transgender youth," specifically, "the science of trans care, and the lack of science in trans care, and the lack of outcome studies about these early life interventions, and the fallacious or unsupported claims to be about this field and about trans-identified youth." [Ex. D, Levine Dep. 38:12-39:7]

None of the topics Dr. Levine identified are factually linked to any element of any one of Plaintiff's legal claims. Plaintiff alleges, in summary, that: (1) South Madison retaliated against her for exercise of her First Amendment rights after she spoke with a reporter about South Madison's practices to document and handle requests for gender-related accommodations; (2) South Madison compelled Plaintiff's speech on a matter of public concern by requiring her to follow certain practices in documenting and handling gender-related accommodation requests, which she alleges in her Complaint constitute "social

5

transitioning" of students; (3) South Madison discriminated against Plaintiff based on the viewpoint of her speech; (4) South Madison burdened Plaintiff's religious exercise because it forced her to document and handle gender-related accommodation requests; and (5) South Madison violated Indiana' Religious Freedom Restoration Act by requiring Plaintiff to document and handle gender-related accommodation requests. [Filing No. 1 at 57-69]

Plaintiff's claims relate to her employment—specifically, what she was required to do or say during her employment, and the reasons South Madison decided to terminate Plaintiff's employment. "Under the Federal Rules of Evidence, testimony is relevant as long as it 'has any tendency to make a fact more or less probable than it would otherwise be.'" *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 768 (7th Cir. 2013). Dr. Levine's testimony does not tend to make any fact material to Plaintiff's legal claims more or less likely. "Expert testimony which does not relate to any issue in the case," such as Dr. Levine's, "is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (quoting 3 Weinstein & Berger ¶ 702[02], p. 702–18).

The lack of any factual link between Dr. Levine's opinions and this case is further underscored by his expert report. [Ex. C, Report] Dr. Levine testified that he created 70-80 percent of this report before Plaintiff's counsel retained him for this case. [Ex. D, Levine Dep. 16:17-17:11] He went on to "de-emphasize" that estimation and stated that for every case, he has to have "some minimal understanding of what the case is about," so he will then pore over and modify the report. [Ex. D, Levine Dep. 17:12-18:15] However, when asked what specific facts he reviewed to modify his report to reflect the circumstances of this case, Dr. Levine stated he could not specify an answer to that question but that he would have added "considerations" and references to more recently published literature. [Ex. D, Levine Dep. 18:16-25]

Dr. Levine's 96-page report contains several hundred statements and assertions regarding gender dysphoria and psychological treatment. South Madison does not concede that Dr. Levine is qualified to testify to his opinions or that his opinions are reliable. Regardless, even "[a] supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are . . . relevant under the test set forth by the Supreme Court in *Daubert*." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009) (quoting *Clark v. Takata Corp.*, 192 F.3d 750, 759 n. 5 (7th Cir. 1999)) (internal quotations omitted). Dr. Levine's testimony will not help the jury decide any element of any one of Plaintiff's claims.

Lastly, to the extent Dr. Levine's testimony could be considered relevant, it should be excluded under Rule 403 of the Federal Rules of Evidence, which provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "'Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.'" *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595, 113 S. Ct. 2786, 2798, 125 L. Ed. 2d 469 (1993) (quoting Jack B. Weinstein, Rule 702 of the Federal Rules of Evidence is Sound; It Should Not Be Amended, 138 F.R.D. 631, 632 (1991)).

Plaintiff, in her Brief in Support of her Motion for Summary Judgment, appears to rely on Dr. Levine's report for the sole assertion that South Madison engaged in a practice called "social transition" by allowing students to change their names and pronouns for gender-related reasons. [Filing No. 50 at 11, 25] This is not what Dr. Levine's report says—

7

as addressed above, Dr. Levine has no knowledge of South Madison's policies or practices—but even if it did, that opinion would be immaterial to any of Plaintiff's legal claims or South Madison's defenses. Allowing Dr. Levine to testify regarding his opinions about gender dysphoria, "social transitioning," and how schools should handle gender-related requests would lead to competing testimony between Dr. Levine and South Madison about the propriety of South Madison's gender-related practices. This would serve only to confuse the issues in this case, waste time and judicial resources, mislead the jury as to what evidence is relevant to Plaintiff's legal claims, and prejudice any jurors who might agree with Plaintiff and Dr. Levine's general opinions about transgender and non-binary individuals. As such, Dr. Levine should be excluded from testifying under Rule 403.

## IV.    CONCLUSION

For the foregoing reasons, Defendant South Madison Community School Corporation, by counsel, respectfully requests that the Court exclude all expert testimony by Plaintiff's designated expert Stephen Levine, M.D. and for all other appropriate relief.

Respectfully submitted,

*/s/ Cassie N. Heeke*
Cassie N. Heeke, Atty. No. 36497-49
Alexander P. Pinegar, IN Atty. No. 26543-49
Lynsey F. David, Atty No. 32594-49
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth
Noblesville, Indiana 46060

Brent R. Borg, IN Atty. No. 27415-29
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, Indiana 46038

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system.

Joshua D. Hershberger
Hershberger Law Office
P.O. Box 233
Hanover, IN 47243
josh@hlo.legal

Vincent M. Wagner
Laurence J. Wilkinson
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
vwagner@ADFlegal.org
lwilkinson@ADFlegal.org

Katherine L. Anderson
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
kanderson@ADFlegal.org

David A. Cortman
Alliance Defending Freedom
1000 Hurricane Shoals Road N.E., Suite D1100
Lawrenceville, GA 30043
dcortman@ADFlegal.org

Haley Vrdolyak
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
hvrdolyak@adflegal.org

*Cassie N. Heeke*
Cassie N. Heeke

CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T: (317)773-2190 / F: (317)773-5320
Email: CHeeke@cchalaw.com; APinegar@cchalaw.com; LDavid@cchalaw.com