UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KATHY MCCORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00866-RLY-CSW |
| | ) | |
| SOUTH MADISON COMMUNITY SCHOOL CORPORATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On August 15, 2025, the court denied Plaintiff Kathy McCord's motion for partial summary judgment and granted in part and denied in part Defendant South Madison Community School Corporation's ("South Madison") cross-motion for summary judgment. (Dkt. 68). South Madison now moves the court to reconsider parts of that decision. For the reasons set forth below, that motion is **DENIED**.

**I.    Discussion**

"To prevail on a Rule 59(e) motion, the moving party 'must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). South Madison does not rely on any newly discovered evidence. Instead, it argues that the court committed manifest error. Manifest error is the "wholesale disregard, misapplication, or failure to recognize

1

controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).  South Madison claims that the court committed six manifest errors in its earlier decision: (1) the court failed to analyze whether the Directive was neutral and generally applicable; (2) the court erred by not analyzing whether the Directive satisfied RFRA's standards as a matter of law; (3) the court allowed McCord to create an issue of fact through her own inconsistent testimony and evidence; (4) the court misunderstood the parties' arguments on McCord's request and denial of a religious accommodation; (5) the court erred by finding evidence that McCord requested a religious-based accommodation; and (6) the court erred in finding that South Madison can be held liable under *Monell*.  The court addresses these arguments in that order.

    A.    **Neutral and General Applicability**

South Madison first takes issue with the court for failing to address whether the Directive was "neutral" or "generally applicable."  South Madison claims that if the court had undertaken this analysis, it could have disposed of McCord's free exercise claim.  But "[a] free exercise claim requires a plaintiff to show that a government action has burdened her exercise of a sincerely held religious belief." *Troogstad v. City of Chicago*, 571 F. Supp. 3d 901, 916 (N.D. Ill. 2021) (citing *Fulton v. City of Philadelphia*, 593 U.S. 522, 532 (2021)).  If a plaintiff cannot demonstrate that a governmental action has burdened her exercise of a sincerely held religious belief, the court need not decide whether the governmental action imposes an impermissible burden on religious exercise.

2

Here, the court identified a genuine dispute of material fact regarding whether McCord believed that participation in the Directive required her to lie in violation of her Christian beliefs. If, for example, the factfinder ultimately concludes that McCord did *not* believe that her participation required her to lie in violation of her Christian beliefs, she will be unable to show that the Directive burdened the exercise of her sincerely held religious belief, and her free exercise claim will fail. In that event, the court would not need to analyze whether the Directive was neutral and generally applicable. So what McCord believed surely qualifies as a material fact that is genuinely disputed.

In seeking reconsideration, however, South Madison largely repeats the same arguments it made in its summary-judgment briefing. But Rule 59(e) is not a vehicle to "rehash[] old arguments." *Oto*, 224 F.3d at 606. And the court is not obligated to "address every available reason" for denying South Madison summary judgment. Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendment. In any event, South Madison has not carried its burden of clearly establishing that the court committed manifest error by declining to consider whether the Directive was neutral and generally applicable.

B.   RFRA

South Madison next faults the court for failing to address whether the Directive satisfied RFRA's standards. But, for a similar reason, the court did not commit manifest error by refusing to consider whether the Directive satisfied a compelling government interest and was the least restrictive means of furthering that interest.

3

The court explained that to succeed on a claim under Indiana's Religious Freedom Restoration Act ("RFRA"), a plaintiff must *first* show that "the disputed governmental action substantially burden[ed]" her "sincerely held religious belief." *Blattert v. State*, 190 N.E.3d 417, 421 (Ind. Ct. App. 2022) (citing *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 705 (2014)).  But the court identified a genuine dispute of material fact concerning whether McCord genuinely believed that participation in the Directive required her to lie in violation of her Christian beliefs.  Again, if the factfinder ultimately concludes that McCord did not believe that her participation in the Directive required her to lie in violation of her Christian beliefs, there can be no "sincerely held religious belief" that South Madison burdened.  The court did not commit manifest error by refusing to jump ahead in the analysis before establishing that McCord's participation in the Directive burdened her sincerely held religious belief.

### C. Inconsistent Testimony

South Madison also claims that it was manifest error to allow McCord to create an issue of fact through her own contradictory testimony.  To support this claim, South Madison invokes the "sham-affidavit rule."  This rule, which is "narrow and should be applied with caution," prohibits a party from "submitting an affidavit that contradicts the party's prior deposition or other sworn testimony." *James v. Hale*, 959 F.3d 307, 316–17 (7th Cir. 2020).  But McCord never offered an affidavit in response to South Madison's summary judgment motion on this point.  Rather, the inconsistency stems from McCord's testimony at the Hearing before the School Board in March 2023.  (*See* Dkt. 68 at 36). The sham-affidavit rule thus has no application to this case.  The court did not commit

manifest error by concluding that McCord's inconsistent statements create an issue of credibility that precludes summary judgment.

### D. Religious Accommodation

South Madison further claims that the court committed manifest error by denying summary judgment based on a fact dispute about whether McCord requested a religious accommodation without analyzing whether the Directive was neutral and generally applicable.

South Madison suggests that the court misunderstood the parties' references to accommodation requests because it "did not intend to convey it was entitled to summary judgment only because McCord never requested an accommodation." (Dkt. 76 at 20). But regardless of what South Madison intended to convey, McCord had to show that she requested a religious accommodation or exemption to state a free exercise claim in the first place. The court's reference to *Troogstad* in its Entry on Motions for Summary Judgment (Dkt. 68 at 37) recognized that "if a particular employee is denied a religious exemption, she may challenge that denial." 571 F. Supp. 3d at 917.[1] That case did not raise any free exercise concerns because "no Plaintiffs ha[d] been denied a religious

---

[1] The court's Entry on Motions for Summary Judgment (Dkt. 68 at 37) cited to a different opinion involving the same case. *See Troogstad v. City of Chicago*, 576 F. Supp. 3d 578 (N.D. Ill. 2021). The earlier opinion cited here concerned a motion for temporary restraining order, while the later opinion cited in this court's previous Entry concerned a motion for preliminary injunction. Both opinions dealt with a free exercise claim. And both opinions reached the same result on that claim. Thus, for our purposes, the difference between these two opinions is one of form rather than substance.

exemption on grounds other than failing to adequately articulate their individual circumstances, as the [challenged policy] require[d]." *Id.*

That logic applies with equal force here. The court identified a genuine dispute about whether McCord requested a religious accommodation. If the factfinder concludes that McCord failed to adequately request an accommodation, there will be no free exercise concerns for the court to address. Again, the court did not commit manifest error by refusing to consider whether the Directive was neutral and generally applicable before determining whether there was a request for an accommodation.

South Madison also claims that it was an error of fact for the court to find a factual issue as to whether McCord requested an accommodation or exemption based on her religious beliefs. True, the record contains testimony from both Taylor and Kruer that they did not discuss religious objections to the Directive with McCord. (Taylor Dep. at 156, 252; Kruer Dep. at 108, 188). But McCord also offered testimony that she *did* share her religious objections with Taylor and Kruer. (*E.g.*, McCord Dep. at 45–49, 155–56). And McCord's free exercise claim need not fail because she never uttered the particular words "religious accommodation" or another similar phrase. Given this conflicting testimony, a reasonable factfinder could conclude that McCord requested a religious accommodation. The court did not commit manifest error.

### E.  *Monell*

Finally, South Madison argues that the court committed manifest error by establishing South Madison's *Monell* liability. "[T]o prevail on a § 1983 claim against a municipality under *Monell*, a plaintiff must challenge conduct that is properly attributable

6

to the municipality itself." *First Midwest Bank, Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). Three types of action can support municipal liability under § 1983: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019) (quotation marks omitted). South Madison faults the court for determining that there is sufficient evidence in the record for a reasonable factfinder to conclude that the Directive was at least a widespread practice or custom.

      South Madison claims that this is a case where "the municipality has not directly violated his rights but rather has caused an employee to do so." *First Midwest Bank*, 988 F.3d at 986–87. In such circumstances, a "rigorous standard[] of culpability . . . applie[s] to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997). But where (as here) "a municipality takes action or directs an employee to take action that facially violates a federal right, municipal fault is easily established." *First Midwest Bank*, 988 F.3d at 986. South Madison's characterization of this case as the former is just another way to frame the argument it pressed in its summary judgment briefing—that Taylor and Kruer were responsible for any constitutional violation and that their actions cannot be attributed to South Madison under *Monell*. The court refused to grant summary judgment on this basis given evidence that the Directive was implemented on a district-wide basis—which was sufficient to demonstrate that there was a South Madison "policy at issue rather than

7

a random event or even a short series of random events." *Bridges v. Dart*, 950 F.3d 476, 479 (7th Cir. 2020). Accordingly, the court did not commit manifest error by concluding that South Madison could be liable under *Monell*.

**II.     Conclusion**

For the reasons explained above, Defendant's Motion for Reconsideration (Dkt. 75) is **DENIED**.

**IT IS SO ORDERED** this 5th of December 2025.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.